## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HARDWARE RESOURCES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **BD ENTERPRISES, INC.** | § | |
| **d/b/a SINGLE SOURCE, PRIDE** | § | |
| **INDUSTRIAL, LLC, and JIANGUO** | § | |
| **INDUSTRIES, INC., d/b/a** | § | |
| **PACIFIC INDUSTRIES** | § | |
| | § | |
| **Defendants.** | § | |

### ORIGINAL COMPLAINT

Plaintiff Hardware Resources, Inc. ("Hardware Resources" or "Plaintiff"), files its

Original Complaint against Defendant BD Enterprises, Inc. d/b/a Single Source, Pride Industrial,

LLC, and Jianguo Industries, Inc., d/b/a Pacific Industries (collectively, "Defendants") and

would respectfully show the Court the following:

### Parties

1.      Hardware Resources is a corporation organized and existing under the laws of the

State of Louisiana with its principal place of business at 4319 Marlena Street, Bossier City,

Louisiana 71111.

2.      Defendant BD Enterprises, Inc. d/b/a Single Source ("Single Source") is a

corporation organized and existing under the laws of the State of Texas with its principal place of

business at 9249 King James Drive, Dallas, Texas 75247.  Its registered agent for service of

process is Ms. Bennita Davis located at 9249 King James Drive, Dallas, Texas 75247.

3.      Defendant Pride Industrial, LLC ("Pride") is a limited liability company organized and existing under the laws of the State of Ohio with its principal place of business at 11841 Mason-Montgomery Road, Suite B, Cincinnati, Ohio 45249.  Its registered agent for service of process is Mr. Matthew Kite located at 250 E. Fifth Street, Suite 1200, Cincinnati, Ohio 45202.

4.      Defendant Jianguo Industries, Inc., d/b/a Pacific Industries ("Pacific") is a corporation organized and existing under the laws of the State of Indiana with its principal place of business at 3341 Lake Pointe Cir., 1B, Elkhart, IN 46514.  Its registered agent for service of process in Indiana is Incorporating Services, Ltd. located at 5217 Palisade Ct., Indianapolis, Indiana 46204.

## Jurisdiction and Venue

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.* ("Copyright Act").

6.      This Court has supplemental jurisdiction over the claim for declaratory judgment of contract rights under state law pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 2201(a) since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7.      Venue lies properly in this judicial district and division under the terms of 28 U.S.C. § 1400(a) in conjunction with 28 U.S.C. §§ 1391(b) and (c) because Defendants are deemed to reside in this district because they are subject to personal jurisdiction here and because the claims and causes of action arose through acts of Defendants committed in this district.

**Factual Allegations**

8.      This Complaint includes allegations of copyright infringement under the copyright laws of the United States and declaratory judgment of rights under contract.

9.      For many years Hardware Resources has been a premier designer and manufacturer of cabinet and furniture hardware and decorative wood carvings.  Hardware Resources has created numerous original decorative designs for furniture articles such as corbels, brackets, moldings, feet, legs, capitals, posts, onlays and rosettes (collectively "Designs").

10.      Hardware Resources has expended significant effort and resources in designing, advertising and promoting its original Designs.  These efforts have resulted in successful and widespread sales and distribution of the Designs throughout the United States.

11.      On February 21, 2007, Hardware Resources secured Copyright Registration No. VA 1-405-308 for its original design entitled "Medium Grape Wood Corbel - CORA-2", (the "Copyrighted Work").  A copy of this copyright registration is attached as Exhibit A.  Hardware Resources complied with all relevant portions of the Copyright Act during registration of the Copyrighted Work.

12.      The Copyrighted Work was created in 2003 by an employee of Hardware Resources and was made as a work for hire.  Hardware Resources is the owner of all right, title and interest in and to the Copyrighted Work.

13.      Hardware Resources first published the Copyrighted Work in July of 2003.  The design for the Copyrighted Work is original to the author and comprises copyrightable subject matter.

14.      Hardware Resources advertises the Copyrighted Work on the Internet and in printed catalogs and magazines.  Hardware Resources also advertises the Copyrighted Work

through many distributors and at numerous trade shows.  As a result of Hardware Resources'

widespread advertising, many consumers, manufacturers and distributors have viewed the

Copyrighted Work and had access to it.

15.     Defendant Single Source is a wholesale distributor of cabinet and furniture

hardware and the decorative wood products.

16.     Defendant Pacific imports cabinet and furniture hardware and other decorative

wood products and sells them to customers in the United States.

17.     Defendant Pride sells cabinet and furniture hardware and other decorative wood

products to customers in the United States.

18.     On information and belief, since at least as early as the fall of 2009, Defendants

have unlawfully reproduced the Copyrighted Work and prepared derivative works based on the

Copyrighted Work.  Further, since at least as early as the fall of 2009, Defendants have

distributed and sold a corbel design that is strikingly similar to the Copyrighted Work

("Defendants' Infringing Work").  On information and belief, Defendants have sold Defendants'

Infringing Work throughout the United States, including Texas and Dallas County.

19.     On information and belief, Defendants have had access to the Copyrighted Work

through the advertising of Hardware Resources and through others in the industry.

20.     Defendants' Infringing Work titled "Medium Grape Corbel", and sold under part

number SSC-G-2 is offered for sale on the Single Source website

http://www.sscabinetsupplies.com/ and directly from Defendant Single Source's principal place

of business.  A printout of the webpage displaying Defendants' Infringing Work is attached as

Exhibit B.  A photograph of Defendants' Infringing Work, product number SSC-G-2, sold as

recently as the fall of 2009, is attached as Exhibit C.

21.     On information and belief, Defendants' Infringing Work was imported into the United States by Defendant Pacific and sold to Defendant Single Source by Defendant Pride.

22.     At no time has Hardware Resources authorized or approved Defendants' actions of reproducing the Copyrighted Work, preparing derivative works based on the Copyrighted Work, or distributing and selling Defendants' Infringing Work.

23.     On information and belief, Defendants created Defendants' Infringing Work in bad faith and with full knowledge of Hardware Resources' rights in and to the Copyrighted Work.

24.     The actions of Defendants as described in this Complaint constitute copyright infringement of the copyright owned by Hardware Resources in the Copyrighted Work.

25.     The sale by Defendants of Defendants' Infringing Work has resulted and will continue to result in damage and irreparable harm to Hardware Resources.  Hardware Resources seeks full recovery of actual damages, or alternatively, at Hardware Resources' election, statutory damages, and temporary, preliminary, and permanent injunctive relief to restrain Defendants from further acts of copyright infringement.

26.     In a previous lawsuit instituted by Hardware Resources against Defendants Pride and Pacific, styled *Hardware Resources, Inc. v. Pride Industrial, LLC and Juanguo Industries, Inc. d/b/a Pacific Industries*, No. 1:07-CV-0244, filed in the U.S. District Court for the Southern District of Ohio, Western Division (the "Ohio Litigation"), Hardware Resources alleged copyright infringement of the same Copyrighted Work that is at issue in this case, among other of Hardware Resources' works.

27.     On December 19, 2007, Hardware Resources entered into a Settlement Agreement with Defendants Pride and Pacific settling all claims alleged in the Ohio Litigation.

28.     In late 2009, it came to Hardware Resources' attention that Defendant Pride, Defendant Pacific, and one or more of their customers were likely selling corbels that infringed the Copyrighted Work not bearing the Pride logo.  After investigating the suspected infringement further, Hardware Resources discovered the facts alleged in this Complaint—specifically, that Defendant Single Source was selling Defendants' Infringing Work, supplied by Defendant Pacific and Defendant Pride.

29.     Shortly thereafter, on December 28, 2009, Hardware Resources received correspondence from counsel for Defendants Pride and Pacific accusing Hardware Resources of violating the Settlement Agreement by allegedly "calling Pride/Pacific customers and threatening to sue them for selling the corbel designs that are the subject of the Settlement Agreement."  A printout of the correspondence is attached as Exhibit D.

30.     Defendants' Infringing Work is not covered by the Settlement Agreement and is no marked so as to clearly distinguish it from the Copyrighted Work.

31.     Accordingly, in addition to the relief for copyright infringement described above, Hardware Resources also seeks a declaratory judgment that it has not breached the Settlement Agreement as alleged by Defendants Pride and Pacific.  Declaratory judgment is appropriate in this case because an actual and substantial dispute exists between Hardware Resources and Defendants Pride and Pacific affecting Hardware Resources' legal rights.  Further, declaratory judgment is appropriate because the requested relief will resolve the dispute alleged by Defendants Pride and Pacific.

## **Count I**

### Federal Copyright Infringement
(*17 U.S.C. § 501 et seq.*)

32.     Hardware Resources incorporates here by reference each allegation contained in Paragraphs 1 through 31.

33.     Hardware Resources is the owner of all copyrights in and to the Copyrighted Work entitled "Medium Grape Corbel-CORA-2".  Hardware Resources has obtained United States Copyright Registration VA 1-405-308 for the work.  All relevant provisions of the Copyright Act were complied with in seeking registration for this work.  A picture of the work is attached as Exhibit A and shown below:



"Medium Grape Corbel-CORA-2"

34.     On information and belief, since at least the fall of 2009, Defendants have infringed the copyrights of Hardware Resources under 17 U.S.C. § 501(a) by distributing, selling and/or offering for sale an infringing work under the name "SSC-G-2" that is a reproduction, derivative work or adaptation of the Copyrighted Work, which is a violation of 17 U.S.C. § 106. A picture of Defendants' Infringing Work as attached as Exhibit C and shown below:



"SSC-G-2"

35.     At no time has Hardware Resources authorized Defendants to reproduce, adapt or distribute the Copyrighted Work.

36.     On information and belief, Defendants' acts of infringement have been willful and intentional, in conscious disregard of and knowing indifference to the rights of Hardware Resources in the Copyrighted Work.

37.     By reason of Defendants' infringement and threatened continued infringement, Hardware Resources has sustained and will continue to sustain injury, loss and damage. Hardware Resources is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with them from engaging in further acts of copyright infringement.

38.     As a result of Defendants' copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendants' profits as provided by 17 U.S.C. § 504(b) and statutory damages under 17 U.S.C. § 504(c).   Hardware Resources is further entitled to receive its attorneys fees' and costs for this action pursuant to 17 U.S.C. § 505.

## Count II

### Declaratory Judgment of Rights Under Contract

39.     Hardware Resources incorporates here by reference each allegation contained in Paragraphs 1 through 38.

40.     Hardware Resources was previously engaged in a lawsuit alleging copyright infringement against Defendants Pride and Pacific arising out the import and sale by Defendants Pride and Pacific of corbels that were substantially similar to the Copyrighted Work.

41.     On December 19, 2007, Hardware Resources entered into a Settlement Agreement with Defendants Pride and Pacific settling all claims alleged in the Ohio Litigation.

42.     In late 2009, it came to Hardware Resources' attention that Defendant Pride, Defendant Pacific, and one or more of their customers were likely selling corbels which were substantially similar to the Copyrighted Work and which were not covered by the Settlement Agreement.  After investigating the suspected infringement further, Hardware Resources discovered the facts alleged in this Complaint—namely, that Defendant Single Source was, in fact, selling Defendants' Infringing Work, supplied by Defendants Pacific and Pride, and that Defendants' Infringing Work was not covered by the Settlement Agreement.  Because sales of Defendants' Infringing Work are not covered by the Settlement Agreement, Hardware Resources' has not waived, released, or otherwise discharged any claims under the Settlement Agreement of copyright infringement against Defendants based on their sale of Defendants' Infringing Work.

43.     On December 28, 2009, Hardware Resources received correspondence from counsel for Pride and Pacific accusing Hardware Resources of violating the Settlement Agreement by allegedly "calling Pride/Pacific customers and threatening to sue them for selling the corbel designs that are the subject of the Settlement Agreement."

44.     Hardware Resources' has taken no action that breaches the Settlement

Agreement.

45.     Accordingly, Hardware Resources seeks a declaratory judgment that its actions do

not constitute a breach of the Settlement Agreement.

### Demand for Jury Trial

46.     Pursuant to Federal Rule of Civil Procedure 38(b) Hardware Resources demands

a jury trial on all issues so triable.

### Prayer

WHEREFORE, Hardware Resources respectfully requests:

A.     That Defendants, together with their subsidiaries and affiliates, agents, servants

and employees and all those in privity, concert or participation with them, be immediately,

preliminary and perpetually enjoined:

> (1)     from reproducing the Copyrighted Work identified in Exhibit A, from
> preparing adaptations, from preparing derivative works based on the
> Copyrighted Work and from distributing copies of the Copyrighted Work
> to the public by sale or other transfer of ownership or by rental, lease or
> lending;
>
> (2)     from offering to do any of the above-described acts; and,
>
> (3)     from attempting, causing or assisting any of the above-described acts to
> occur.

B.     That during the pendency of this action, all unauthorized copies of the

Copyrighted Work identified in Exhibit A and all articles and equipment by which they are

made, copied, duplicated, or reproduced be impounded, and that Defendants be ordered and

directed to deliver upon oath all such unauthorized reproductions, as well as articles and

equipment and all other articles and means by which such illegal reproductions may be made to

the custody of the Court as provided for in 17 U.S.C. § 503(a) without concealing, destroying

or tampering with same in any way, and that in its final judgment the Court order the destruction of all such impounded materials;

C.      That Defendants be required to account for and pay over to Hardware Resources all profits which Defendants have derived from the infringement of Hardware Resources' copyright and all damages Hardware Resources has suffered within the provisions of the Copyright Act for the infringement of the copyright or, in the alternative, where appropriate, at Hardware Resources' election, that Defendants be assessed statutory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) per copyright infringed;

D.      That Defendants be required to pay Hardware Resources the costs incurred herein, as well as reasonable attorneys' fees, as provided by 17 U.S.C. § 505;

E.      That Defendants be required to pay Hardware Resources prejudgment interest on the amount awarded and post judgment interest until paid, all at the maximum lawful rate;

F.      That, the Court enter a declaratory judgment that Hardware Resources has not breached the Settlement Agreement between the parties dated December 19, 2007; and

G.      That Hardware Resources have such other and further relief as the Court deems just and proper.

Dated:  January 15, 2010.                    Respectfully submitted,


                                             /s/ George R. Schultz
                                             George R. Schultz
                                             Texas State Bar No. 17837500
                                             russ.schultz@grspc.com
                                             Nicole R. Marsh
                                             Texas State Bar No. 24044653
                                             nicole.marsh@grspc.com
                                             Lisa Normand
                                             Texas State Bar No. 24053695
                                             lnormand@grspc.com


                                             SCHULTZ & ASSOCIATES, P.C.
                                             5400 LBJ Freeway
                                             Suite 1200
                                             Dallas, Texas 75240
                                             (214) 210-5940 telephone
                                             (214) 210-5941 facsimile

                                             ATTORNEYS FOR PLAINTIFF
                                             HARDWARE RESOURCES, INC.